LEWIS ANTEN, Esq., State Bar No. 56459
IVY CHODERKER, Esq., State Bar. No. 210612
lewisanten@mindspring.com
LEWIS ANTEN, A PROFESSIONAL CORP.
16830 Ventura Boulevard, Suite 236
Encino, California 91436
Telephone:  (818) 501-3535
Facsimile: (818) 501-4138

Attorneys for Plaintiff Manley Toys Ltd.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANLEY TOYS LTD., a Hong Kong company,<br><br>                Plaintiff,<br>    vs.<br><br>RITE AID HDQTRS CORP., a Delaware corporation; THRIFTY PAYLESS, INC., a California corporation; and DOES 1 through 5, inclusive,<br><br>                Defendant. | CASE NO.:CV 09-6713 VBF (FMOx)<br><br>STIPULATED PROTECTIVE ORDER |

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Manley Toys Ltd. ("Manley") and Defendants Rite Aid Hdqtrs Corp.("Rite Aid") and Thrifty Payless, Inc.  ("Thrifty  Payless") (collectively, "Defendants"), as follows:

1

## I. APPLICABILITY AND SCOPE OF STIPULATION

1. This Order shall apply to all information produced during discovery in this action that shall be designated by the party or person producing it as "Confidential" or "Confidential-Attorneys Eyes Only" (collectively, "Confidential Information"). This Order shall not apply to information that, before disclosure, is properly in the possession or knowledge of the party to whom such disclosure is made, or is public knowledge. The restrictions contained in this Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately acquired from a source not subject to this Protective Order.

2. If an exhibit, pleading, interrogatory answer or admission (collectively "discovery response"), deposition transcript, other transcript of testimony, declaration or affidavit (collectively "testimony"), or a document or thing contains information considered confidential by a party, such exhibit, pleading, discovery response, testimony, or document or thing shall be designated "Confidential" or "Confidential-Attorneys Eyes Only" by the party contending there is confidential information therein.

3. In connection with an exhibit, pleading, discovery response, document or

thing, testimony or other court submission, the legend "Confidential" or "Confidential-Attorneys Eyes Only" (in such a manner as will not interfere with the legibility thereof) shall be affixed before the production or service upon a party.

    4.  The following may be designated "Confidential" or "Confidential-Attorneys Eyes Only" under this Protective Order, which the parties have good cause to believe is not generally known to others, has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the parties believe (a) has good cause to believe is not normally revealed to third parties except in confidence, or has undertaken with others to maintain in confidence, or (b) has good cause to believe is protected by a right of privacy under federal or state law, or any other applicable privilege or right related to confidentiality or privacy:  In connection with Manley, non-public information constituting or comprising or documents constituting or containing purchase orders; invoices; profits and profit margins; projections and forecasts; pricing; costs; sales orders; sales or other financial data; marketing or advertising plans; customer lists, customers, and customer personal information; internal business structures, departments, decisions, practices, procedures, or processes; and transactions or agreements with third parties; and in connection with Defendants, non-public information constituting or comprising or documents constituting or

H:\Judge OLGUIN - MARLENE\FMO-WORK\CV 09-6713FMO- Protective Order (Word).doc

containing purchase orders; invoices; profits and profit margins; projections and forecasts; pricing; costs; sales orders; sales or other financial data; marketing or advertising plans; customers and customer personal information; internal business structures, departments, decisions, practices, procedures, or processes; and transactions or agreements with third parties.

5. All Confidential Information (*i.e.*, "Confidential" or "Confidential-Attorneys Eyes Only" information) that has been obtained from a party during the course of this proceeding shall be used only for the purpose of this litigation and not for any other business, proceeding, litigation, or other purpose whatsoever. Further, such information may not be disclosed to anyone except as provided in this Protective Order. Counsel for a party may give advice and opinions to their client based on evaluation of information designated as Confidential Information produced by the other party. For information designated "Confidential-Attorneys Eyes Only," such rendering of advice and opinions shall not reveal the content of such information except by prior agreement with opposing counsel.

6. Once trial begins, treatment of all Confidential Information introduced at trial shall be governed by the Federal Rules of Civil Procedure, the applicable Local Rules, and any orders issued by the Court. This Protective Order shall not apply to the introduction of evidence at trial. All Confidential Information not introduced as evidence at trial shall maintain such protections and designations

after commencement of any trial in this matter.  The parties agree to meet and confer and give each other reasonable prior notice of any plans to introduce Confidential Information of the other at trial, so as to allow the producing party a reasonable opportunity to move the Court for any appropriate orders governing treatment of the Confidential Information at trial.

7.  All documents, or any portion thereof, produced for inspection only (*i.e.*, copies have not yet been provided to the receiving party) shall be deemed "Confidential-Attorneys Eyes Only." If a copy of any such document is requested after inspection, the document shall be deemed "Confidential" or "Confidential-Attorneys Eyes Only" only if labeled or marked in conformity with Paragraph 2, with access and dissemination limited as set forth in Paragraphs 11–14.

8.  Information disclosed at a deposition or other testimony may be designated as "Confidential" or "Confidential-Attorneys Eyes Only" at the time of the testimony or deposition, or within ten (10) days following receipt of the transcript, and shall be subject to the provisions of this Protective Order. Additional information disclosed during a deposition or other testimony may be designated as "Confidential" or "Confidential-Attorneys Eyes Only" by notifying the other party, in writing, within ten (10) days after receipt of the transcript, of the specific pages of the transcript that should also be so designated.

9.  All exhibits, pleadings, discovery responses, documents or things, testimony

or other submissions, filed with the Court pursuant to this action that have been designated "Confidential" or "Confidential-Attorneys Eyes Only," by any party, or any pleading or memorandum purporting to reproduce, paraphrase, or otherwise disclose such information designated as Confidential Information, shall be marked with the legend "Confidential" or "Confidential-Attorneys Eyes Only." Without written permission from the party who designated material as "Confidential" or "Confidential-Attorney's Eyes Only" ("Protected Material"), or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

10. As used in this Protective Order, "Trial Counsel" refers exclusively to the following:

(a) For Manley: The attorneys, paralegals, agents, and support staff of LEWIS ANTEN, A PROFESSIONAL CORPORATION. and the in-house attorneys and paralegals of Manley.

(b) For Rite Aid: The attorneys, paralegals, agents, and support staff of HANSON BRIDGETT LLP and the in-house attorneys and paralegals of Rite Aid (and its parent or related companies).

H:\Judge OLGUIN - MARLENE\FMO-WORK\CV 09-6713FMO- Protective Order (Word).doc

(c) For Thrifty Payless:  The attorneys, paralegals, agents, and support staff of HANSON BRIDGETT LLP and the in-house attorneys and paralegals of Thrifty Payless (and its parent or related companies).

(d) Others: Such additional attorneys (and their paralegals, agents and support staff) as enter an appearance in this matter for any existing or additional party, as may be ordered by the Court or subsequently may be agreed upon by the parties, provided that such attorneys sign the Acknowledgement of Terms of Protective Order, attached hereto as Exhibit "A".

11.  Material designated as "Confidential" that has been obtained from a party during  the course of this proceeding may be disclosed or made available only to the Court, to Trial Counsel for any party, and to the persons designated below and only subject to Paragraphs 13-14:

(a) A party, or an officer, director, or designated employee of a party deemed necessary by Trial Counsel to aid in the prosecution, defense, or settlement of this action;

(b) Independent experts or consultants (together with their clerical staff) retained by such Trial Counsel to assist in the prosecution, defense, or settlement of this action;

(c) Court reporter(s) employed in this action;

(d) Agents of Trial Counsel needed to perform various services such

7

as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential;

    (e) Witnesses in any deposition or other proceeding of this action;

    (f) Any other persons as to whom the parties in writing agree.

12. Material designated as "Confidential-Attorneys Eyes Only" that has been obtained from a party during the course of this proceeding may be disclosed or made available only to the Court, to Trial Counsel for any party, and to the persons designated below and subject to Paragraphs 13-14:

    (a) Independent experts or consultants (together with their clerical staff) retained by such Trial Counsel to assist in the prosecution, defense, or settlement of this action;

    (b) Respective authors and recipients of any material bearing a "Confidential-Attorneys Eyes Only" legend;

    (c) Court reporter(s) employed in this action;

    (d) Agents of Trial Counsel needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services,

including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential-Attorney Eyes Only;

(e) Witnesses in any deposition or other proceeding in this action who are the author or recipient of the "Confidential-Attorney Eyes Only" material, or who, based on evidence, have seen the material in the past; and

(f) Any other persons as to whom the parties in writing agree.

13.  Any officer, director, or designated employee of a party under Paragraph 11(a) or individuals identified under Paragraphs 11(b) and 12(a) having access to Confidential Information shall be given a copy of this order before being shown such Confidential Information, and its provisions shall be explained to them by an attorney.  Each person, before having access to the Confidential Information, shall agree not to disclose to anyone any Confidential Information not exempted by this order and not to make use of any such Confidential Information other than solely for purpose of this litigation, and shall acknowledge in writing by signing a document in the form of Exhibit "B" attached hereto, that he or she is fully conversant with the terms of this Protective Order and agrees to comply with it and be bound by it. Witnesses being shown Confidential Information at a deposition or

proceeding shall not be allowed to retain copies of the Confidential Information. However, a witness who was shown Confidential Information during a deposition may review the Confidential Information while reviewing his or her transcript, provided that any Confidential Information is not retained by the witness after he or she has completed his or her review of the transcript for accuracy.

14.  For the purpose of this Protective Order an independent expert or consultant shall be defined as a person, who has not been and is not an employee of a party or scheduled to become an employee in the near future, and who is retained or employed as a consultant or expert for purposes of this litigation, either full or part-time, by or at the direction of counsel of a party.

15.  If any party desires at a hearing to offer into evidence Confidential Information, or to use Confidential Information in such a way as to reveal its nature or contents, such offers or use shall be made only upon the taking of all steps reasonably available to preserve the confidentiality of such Confidential Information, which may include the offering of such Confidential Information outside the presence of persons other than court personnel and counsel.

16.  Any Confidential Information may be used in the course of any deposition taken of the party producing such Confidential Information or its employees without consent, or otherwise used in any deposition with the consent of the party producing such Confidential Information, subject to the condition that when such

Confidential Information is so used, the party who made the designation may notify the reporter that the portion of the deposition in any way pertaining to such Confidential Information or any portion of the deposition relevant thereto is being taken pursuant to this Protective Order. Further, whenever any Confidential Information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person not entitled to receive such confidential information pursuant to the terms of this Protective Order.

17.   If a Receiving Party objects to the designation of any discovery response, document, or thing or testimony as "Confidential" or "Confidential - Attorneys Eyes Only," the dispute will be governed by Local Rule 37.  Parties shall make a good faith effort to avoid the Court's involvement to resolve such disputes. If the Receiving Party files a motion regarding such a dispute, however, it will continue to treat the discovery response, document or thing, or testimony at issue as entitled to the protections accorded by this Protective Order until and unless the Court rules otherwise.  In making or opposing any motion relating to the designation of confidential information, the party seeking to maintain a document as "Confidential" or "Confidential - Attorneys Eyes Only" shall bear the burden of showing specific prejudice or harm will result if no protective order is granted. Nothing herein shall operate as an admission by any Party that any particular discovery response, document or thing or testimony contains "Confidential" or

"Confidential-Attorneys Eyes Only" Information for purposes of determining the merits of the claims in this litigation. A party shall not be obligated to challenge the propriety of the designation of any discovery response, document or thing or testimony at the time such designation is made; failure to do so shall not preclude a subsequent challenge within a reasonable time. Further, a Party's failure to challenge a designation during pretrial discovery shall not preclude a subsequent challenge of such designation at trial or in connection with the submission of any discovery response, document or thing or testimony to the Court for any purpose.

    18.  Notwithstanding anything contrary herein, if a party through inadvertence or mistake produces discovery of any Confidential Information without marking it with the legend "Confidential" or "Confidential-Attorneys Eyes Only," or by designating it with an incorrect level of confidentiality, the producing party may give written notice to the receiving party that the exhibit, pleading, discovery response, document or thing, or testimony contains Confidential Information and should be treated as such in accordance with the provisions of this Protective Order. Upon receipt of such notice, and upon receipt of properly marked materials, the receiving party shall return said unmarked materials and not retain copies thereof, and must treat such exhibits, pleadings, discovery responses, documents or things, or testimony as Confidential Information and shall cooperate in restoring the confidentiality of such Confidential Information. The inadvertent or

H:\Judge OLGUIN - MARLENE\FMO-WORK\CV 09-6713FMO- Protective Order (Word).doc

unintentional disclosure by a party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the non-producing party is notified and properly marked documents are supplied as provided herein. The receiving party shall not be responsible for the disclosure or other distribution of belatedly designated Confidential Information as to such disclosure or distribution that may occur before the receipt of such notification of a claim of confidentiality and such disclosure or distribution shall not be deemed to be a violation of this Protective Order, yet the receiving party must take reasonable steps to retrieve the Confidential Information.

   19.  Documents and things produced or made available for inspection may be subject to redaction, in good faith by the producing party, of sensitive material that is subject to the attorney-client privilege or to work-product immunity. Each such redaction, regardless of size, will be clearly labeled. This Paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information.

   20. Neither the taking of or the failure to take any action to enforce the

provisions of this Protective Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any signatory's right to seek and obtain protection or relief with respect to any claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary to any party, is or is not entitled to particular protection or that such information embodies trade secret or other confidential information of any party. The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or other confidential information claims, nor shall it relieve a party of the necessity of proper responses to discovery requests.

    21. This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party to this Protective Order, as to any third party, with respect to any Confidential Information. The fact that Information is designated Confidential" or "Confidential-Attorney's Eyes Only" under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Protective Order shall be without prejudice to the right of any party to bring before the Court the question of:

    (a) Whether any particular information is or is not Confidential Information;

(b) Whether any particular information is or is not entitled to a greater or lesser degree of protection than provided hereunder; or

(c) Whether any particular information is or is not relevant to any issue in this case; provided that in doing so the party complies with the foregoing procedures.

22. The terms of the Protective Order are applicable to Confidential Information produced by a non-party, and Confidential Information produced by a non-party in connection with this litigation is protected by the remedies and relief provided by the Protective Order. To protect its own Confidential Information, a party may ask a non-party to execute a document in the form of Exhibit A.

23. If a party is served with discovery, a subpoena, or a court order issued in other litigation that compels disclosure of any information or items designated in this action as “Confidential” or “Confidential-Attorney’s Eyes Only,” that party must:

(a) promptly notify in writing the party who made the designation. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the discovery, subpoena, or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

     (c) cooperate with respect to all reasonable procedures sought to be pursued by the party whose Protected Material may be affected.

     If the party who made the designation timely seeks a protective order, the party served with the discovery, subpoena, or court order shall not produce any information designated in this action as "Confidential" or "Confidential-Attorney's Eyes Only," before a determination by the court from or under which the discovery, subpoena, or order issued, unless the party has obtained permission from the party who made the designation. The party who made the designation shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a party that receives confidential material in this action to disobey a lawful directive from another court.

  24. Within thirty (30) days following the conclusion of this litigation, all information designated as Confidential Information, except such documents or information which incorporate or are incorporated into attorney work product (a single copy of which may be retained in counsel's file), shall, upon request, be returned by the Receiving Party to the producing party, destroyed by the Receiving Party, or disposed of by the Receiving Party pursuant to the instructions of the producing party. For clarity, this Paragraph 24 has no application to the Court.

25.     Except as provided in Paragraph 6 regarding treatment of all Confidential

Information introduced at trial, the restrictions provided for above shall not terminate upon the conclusion of this lawsuit, but shall continue until further order of this Court. This Protective Order is without prejudice to the right of a party hereto to seek relief from the Court, upon good cause shown, from any of the provisions or restrictions provided herein, including seeking modifications to the Protective Order that may broaden or restrict the rights of access to and use of Protected Materials.

## II. GOOD CAUSE EXISTS TO ENTER INTO THE STIPULATED PROTECTIVE ORDER

1.    Good cause exists for this Court to enter the Stipulated Protective Order, because disclosure of any Confidential Information would harm the parties financially and allow competitors to gain unfair advantage in the marketplace. Competitors will gain an unfair advantage over the parties if they learn the parties' Confidential Information, such as that listed in Paragraph 4 of this Order. The Confidential Information should be protected, because it reveals the parties' current financial status, business strategy, business structure, future opportunities and efforts, the quality of the products, the manufacturing times and sources, and retail prices and costs, and profit margins. This information will give others an unfair price and time advantage and allow them to unfairly compete in the market and usurp the parties' business opportunities, to the detriment of the parties.

2.      Good cause further exists in that this Stipulation would allow for both parties to disclose documents required for the litigation of this matter without suffering from both an economic and business detriment that would result from the disclosure of Confidential Information to their competitors and/or to the public.

3. The Protective Order shall not apply to any document disclosing a violation of law or order of a court of competent jurisdiction

**IT IS SO ORDERED.**

Dated:    12/22/2010              /s/ Fernando M. Olguin
                                  Fernando M. Olguin
                                  United States Magistrate Judge

**APPROVED AS TO FORM:**

Respectfully submitted,

LEWIS ANTEN, P.C.

Dated:_____          _____
                                  LEWIS ANTEN
                                  IVY CHODERKER
                                  Attorneys for Plaintiff Manley Toys Ltd.


HANSON BRIDGETT LLP

Dated: _____         _____
                                  GARNER WENG
                                  Attorneys for Defendants Rite Aid
                                  HDQTRS Corp. and Thrifty Payless, Inc.

# EXHIBIT "A"

## ACKNOWLEDGMENT OF TERMS OF PROTECTIVE ORDER

I, _____, represent _____ in the matter Manley Toys Ltd. vs. Rite Aid Hdqtrs Corp. *et al*., Case No. CV 09-6713 VBF (FMOx). I hereby acknowledge that I have received the Protective Order entered in the above-referenced action, and that the attorneys, paralegals, agents and support staff of counsel for _____

_____ in the above-referenced action and agree to comply with and be bound by the terms of said Order unless and until modified by further order of the Court.

Dated: _____        By:    _____

                                       _____

# EXHIBIT "B"

## ACKNOWLEDGMENT AND NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear or affirm that I have read and fully understand the Protective Order entered in Manley Toys Ltd. vs. Rite Aid Hdqtrs Corp. *et al*., Case No. CV 09-6713 VBF (FMOx).  I agree that I will not disclose any information received by me pursuant to the Protective Order, and I will comply with and be bound by the terms and conditions of said Order unless and until modified by further order of the Court. I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing this Order. I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

Dated: _____     By:     _____

_____

H:\Judge OLGUIN - MARLENE\FMO-WORK\CV 09-6713FMO- Protective Order (Word).doc